PROVOSTY, J.
The parish of Avoyelles having voted prohibition, and the town of Mansura, one of the towns of the parish, having later voted in favor of selling intoxicating liquors, certain citizens of the parish brought suit to have it decreed that the result of the parish election was binding, on the town and permanent in its effects,, and that, in consequence, the action of the-town in holding an election was illegal, and-the issuing of licenses to sell liquors would be illegal. They asked for, and obtained,, an injunction forbidding the town authorities-from issuing the licenses.
The defendant town excepted that the-plaintiffs, in their mere quality of citizens, of the parish, were without capacity to stand, in judgment in the suit.
Thereupon, and pending the citizens’ suit, the police jury of the parish filed the present, suit, which is an exact repetition of that of, the citizens, saving that the additional ground", is urged that the town authorities are proposing to issue the licenses without having-first published a budget, as required by law.
This last ground may be dismissed at once from consideration. Plainly the police jury has no standing to litigate the question of whether or not the town authorities have-published a budget.
The defendant town filed an exception off lis pendens, and, that exception having been- *1046 overruled, filed a motion to dissolve the injunction, on the ground that, so long as the suit of the citizens was pending and the injunction obtained by -them was not set aside, there could be no danger of the licenses being issued, and that therefore the alleged fears of the police jury in that regard were manifestly groundless; and on the further ground that a second injunction cannot issue in favor of persons alleging a like interest, to restrain the doing of the same act.
From- a judgment sustaining this motion, and dissolving the injunction, the police jury has taken the present appeal.
•The judgment is correct. So long as the first injunction continued in full force, it restrained the town authorities as effectually as a thousand injunctions from the same court might do; hence the second injunction was unnecessary and uncalled for. “The rule is that second injunction will not be granted when first is in force.” A. & E. E. of Law, vol. 16, p. 365.
Judgment affirmed.